FILED
U.S. DISTRICT COURT

2007 NOV 13  A 11: 02

DISTRICT OF UTAH

BY:_____
   DEPUTY CLERK

MANNING CURTIS BRADSHAW
& BEDNAR LLC
Brent V. Manning, # 2075
Chad R. Derum, # 9452
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile:  (801) 364-5678

Attorneys for Plaintiffs
  Klein-Becker USA, LLC and
  Klein-Becker IP Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN<br><br>Defendants. | **COMPLAINT**<br><br>Case: 2:07cv00873<br>Assigned To : Stewart, Ted<br>Assign. Date : 11/13/2007<br>Description: KleinBecker et al v. Collagen Corporation et al |

Plaintiffs Klein-Becker USA, LLC, ("Klein-Becker") and Klein-Becker IP Holdings, LLC (collectively "Klein-Becker") by and through their attorneys, hereby sue Defendants Collagen Corporation, Doctors Skin Care Institute Medical Clinic, Inc. and Leslie Feinstein ("Feinstein") aka L. Leslie Brody aka Louise Brody Feinstein aka Louise Leslie Feinstein (collectively "Defendants"), and allege as follows:

#190348 v1

## INTRODUCTION

Klein-Becker seeks to prevent Defendants from misappropriating Klein-Becker's protected trade dress for one of its most successful products, StriVectin-SD®. Defendants have intentionally misappropriated Klein-Becker's trade dress for use in connection with their own product, Collagen Life, in order to mislead and confuse the consuming public about the nature of Defendants' products. Defendants' actions violate state and federal law.

## NATURE OF ACTION

This is a civil action for trade dress infringement and unfair competition under the Lanham Act of the United States, 15 U.S.C. §§ 1121, 1125, *et seq.*, violation of the Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-1, *et seq.*, and violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq.*

## JURISDICTION AND VENUE

1. Subject matter jurisdiction over this action is conferred upon this Court by the Lanham Act, 15 U.S.C. §§ 1121, 1125.

2. The Court has supplemental jurisdiction over Klein-Becker's state law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally related to the federal claims and arise from a common nucleus of operative fact such that the administration of such claims herein is in the interests of judicial economy. This Court additionally has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.

3. The court has personal jurisdiction over Defendants pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78-27-24, because Defendants have (a) transacted business in this state, and (b) engaged in tortious activity causing injury in this state. Defendants have transacted business in this state by selling their infringing products to a Utah resident and knowingly shipping those infringing products into the state of Utah.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

## THE PARTIES

5. Plaintiff Klein-Becker USA, LLC is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business at 5742 West Harold Gatty Drive, Salt Lake City, Utah 84116.

6. Plaintiff Klein-Becker IP Holdings is a limited liability company organized under the laws of Nevada.

7. Klein-Becker is the exclusive licensee of the StriVectin-SD® trademark from Klein-Becker Holdings which in turn acquired the rights to the StriVectin-SD® name from Western Holdings L.L.C., a company affiliated with Klein-Becker

8. Upon information and belief, Defendant Collagen Corporation is a for-profit corporation registered in the state of Florida, with a business address of 5301 N. Federal Hwy 145, Boca Raton, Florida 33487.

9. Upon information and belief, Defendant Doctors Skin Care Institute Medical Clinic, Inc. is a for-profit corporation registered in the state of Florida, with a principal address of 16710 Senterra Drive, Delray Beach, Florida 33484.

10. Upon information and belief, Defendant Leslie Feinstein aka L. Leslie Brody aka Louise Brody Feinstein aka Louise Leslie Feinstein ("Feinstein") is an individual believed to be residing at 16710 Senterra Drive, Delray Beach, Florida 33484. Upon information and belief, Brody is the president of Collagen Corporation and Doctors Skin Care Institute.

11. Defendants market a product called "Collagen Life." On information and belief, Defendants market and promote Collagen Life through the web site www.CollagenLife.com, among other means.

## GENERAL ALLEGATIONS

12. Klein-Becker is a leader in the cosmetic industry. It enjoys a reputation in the industry for selling novel skin-care formulations containing high-quality ingredients.

13. Klein-Becker's cosmetic products are sold through websites, established retail outlets, direct phone sales, and various authorized resellers located throughout the United States.

14. Klein-Becker's products are advertised and promoted in numerous print and television media of national circulation and on banners and websites.

### Klein-Becker's Strivectin-SD® Products

15. Klein-Becker markets extremely successful cosmetic products under the trademark StriVectin-SD®.

4

#190348 v1

16. StriVectin-SD® is an arbitrary word chosen by Klein-Becker as its trademark, in part due to its uniqueness.

17. The StriVectin-SD® trademark was adopted for use in interstate commerce in August 2002 and registered in the United States Patent and Trademark Office on September 2, 2003, as Registration No. 2,760,414. Confirmation of the StriVectin-SD® trademark registration is attached hereto as Exhibit 1. The registration is valid, and has not been revoked or cancelled.

18. Klein-Becker is the exclusive licensee of the StriVectin-SD® trademark.

19. StriVectin-SD® is a cream that dramatically reduces the appearance of stretch marks. After it was discovered that StriVectin-SD® also reduces the appearance of fine lines, wrinkles and "crow's feet" around the face, consumers began purchasing and using StriVectin-SD® as an anti-aging product. An article from Time Magazine describing the phenomenal popularity of StriVectin-SD® as an anti-wrinkle product is attached as Exhibit 2.

20. Klein-Becker has expended a great deal of time, effort and money developing its intellectual property rights in connection with StriVectin-SD®, including the trademark and trade dress at issue herein.

21. Klein-Becker's products have developed a reputation of high quality and goodwill in the industry and the consuming public has come to associate Klein-Becker with StriVectin-SD® under the aforementioned trademarks and trade dress.

#190348 v1

22. Klein-Becker's trade dress has either acquired a secondary meaning in the minds of the consuming public, or it is distinctive in nature, thereby obviating the necessity to acquire secondary meaning.

### Defendants' Tortious and Infringing Acts

23. After StriVectin-SD® attracted national media attention and experienced record-breaking sales, Defendants began manufacturing, distributing and/or selling anti-aging products under the name "Collagen Life."

24. In the advertising and sale of Collagen Life, Defendants have adopted a trade dress similar to Klein-Becker's StriVectin-SD® product in an effort to confuse the consuming public and to trade on Klein-Becker's goodwill.

25. Defendants' advertising, marketing and promotion of Collagen Life include, at the very least, advertising Collagen Life on the Internet, which is available worldwide, through the website www.collagenlife.com. Examples from this website are attached as Exhibit 3.

26. On information and belief, Defendants also market and promote Collagen Life at various tradeshows and health and beauty expos across the country.

27. Defendants compete with Klein-Becker inasmuch as both companies are in the business of marketing anti-aging creams.

### Defendants' Collagen Life Product Infringes Plaintiffs' StriVectin-SD® Trade Dress

#190348 v1

28. Long after Klein-Becker's adoption and use of the StriVectin-SD® trademark, long after Klein-Becker's federal registration of such mark, long after such mark had become famous, and long after Klein-Becker had been using the trade dress at issue on its StriVectin-SD® product, Defendants, upon information and belief, have used and are continuing to use trade dress similar to the StriVectin-SD® in connection with packaging for Defendants' Collagen Life product. Defendants have done so in such a manner as to lessen the ability of the StriVectin-SD® trademark to serve as an indication of origin.

29. Defendants' design of the box containing Collagen Life contains essentially the same ornamental and distinctive features as those used by Klein-Becker's StriVectin-SD®. These include:

    a. A light colored rectangular box, with front and back panels measuring 3" across and side panels measuring 2 ¼" across. The box is taller than it is wide.

    b. The name of the product is printed in black across the top quarter of the front panel on the product's box.

    c. A SKU (Shop Keeping Unit) number appears immediately above the name of the product name, printed in black.

    d. A salmon pink colored band is positioned in the top half of the package and spans the width of the front panel of the package.

    e. The intended use of the product is listed in bold black in the middle of the salmon-colored band that runs across the width of the front panel of the box.

f.     A summary product description appears immediately below the light-colored circle and the salmon-colored band, printed in bold black.

g.     A colored circle surrounds and accents the product name and the salmon-colored band in the top half of the package.

h.     A text section in black beneath the band and above the product's net weight sets forth additional information about the product.

i.     "Bullet points" that highlight the product's features within the text section referenced in (h) above are present.

j.     Similarly worded text (between the Collagen Life and StriVectin-SD® packages) within the section referenced in (h) above is present. For instance, one bullet point on the Collagen Life box reads: "Instant Lifting **Alters the Appearance, Tone and Texture** of Aging Skin," while a similarly placed bullet point on the StriVectin-SD® box reads "**Alters the Appearance of Tone and Texture** [of Skin]." Another bullet point on the Collagen Life box states "**Significant Results Seen After 30 Days by 95% of Subjects Tested**," while a similarly placed bullet-point on the StriVectin-SD® box reads "**Significant, Corroborated Results Seen by 93% of Subjects Tested**."

k.     The net weight for the product is positioned in the same place as on the box of StriVectin-SD®, toward the bottom of the front panel of the package.

l.    Colored letters with the stylized initials of the product's manufacturer ("CC" for Collagen Corporation and "KB" for Klein-Becker"), approximately 1/2" high and approximately the same color as the colored circle referenced in (g) above, are placed in the lower left-hand corner of the box. A salmon-colored band, approximately 1/8" wide, extends from the center of the letters to reach across the box to within 1/2" of the box's edge. A similar trade dress appears on the bottom edge of the back panel of the product's package.

m.    The ingredients for the product are listed on the right-hand side panel, the same as on the StriVectin-SD® box.

n.    The left-side panel of the product contains the printed statement "Congratulations for Choosing Collagen Life." This corresponds to the text on the same side panel of the StriVectin-SD® box, which reads "Congratulations for Choosing StriVectin-SD®."

o.    Beneath the "Congratulations" message on the left-hand side panel is an endorsing slogan reading "This is a great product. You will notice the difference." On the StriVectin-SD® box, the text at a similar place on the side panel reads "You have made the right choice."

p.    Below the endorsing slogan described in subsection (o) is text reading "Caution: For Topical Use Only." A similarly placed statement with precisely the same wording appears on the box of StriVectin-SD®.

9

q. Beneath the "Caution" text described in subsection (p) are the "Directions For Use." The "Directions for Use" appear at a similar place on the box of StriVectin-SD®.

r. A stylized version of the manufacturers' initials, similar to that described in subsection (l) above, appears on the top flap of the package.

s. The examples below of the packaging of Collagen Life on the left and StriVectin-SD® on the right illustrates the striking similarity in the overall look and feel of these products.



10

30. Upon information and belief, Defendants' adoption of Klein-Becker's trade dress was done intentionally, with knowledge of Klein-Becker's trade dress and with the intent to trade off of Klein-Becker's goodwill and reputation.

31. Upon information and belief, Defendants' actions were done willfully with the intent to exploit Klein-Becker's reputation and dilute the StriVectin-SD® trademark.

32. Klein-Becker has not granted Defendants any right, assignment, license or permission to use any confusingly similar trade dress, nor would Klein-Becker grant such rights.

33. The unauthorized use by Defendants of Klein-Becker's trade dress on or in connection with Defendants' products is likely to cause confusion and cause Klein-Becker irreparable injury.

34. By the aforesaid acts, Defendants are unfairly trading on and appropriating the reputation and goodwill of the Plaintiffs, and are deceiving the public.

35. The exact amount of profits made by Defendants as a result of Defendants' infringement is unknown to the Plaintiffs.

36. Upon information and belief, Defendants' unlawful conduct will continue to the detriment of Klein-Becker unless enjoined.

37. Klein-Becker has been damaged by, and Defendants have profited from, Defendants' willful conduct in an amount to be proven at trial.

38. Klein-Becker has no adequate remedy at law. The conduct of Defendants described above has caused, and if not enjoined, will continue to cause irreparable damage to the rights of Klein-Becker in the StriVectin-SD® trademark, in the StriVectin-SD® trade dress, and to Klein-Becker's business, reputation and goodwill.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Lanham Act 15 U.S.C. §§ 1114, 1125 – Trade Dress Infringement)

39. Klein-Becker reasserts paragraphs 1-38 and incorporates those paragraphs by reference as if set forth fully herein.

40. Klein-Becker's trade dress for its StriVectin-SD® product has acquired secondary meaning and is nonfunctional.

41. Defendants have infringed and continue to infringe on Klein-Becker's StriVectin-SD® trade dress through their use of similar trade dress for products bearing the name Collagen Life.

42. Defendant's commercial use of the infringing trade dress in connection with the distribution of anti-aging products constitutes unfair competition in violation of Section 43(a) of the Lanham Act because such use has caused, and is likely to cause, confusion, mistake and deception as to the origin, affiliation, connection or association of the Defendants' goods and is likely to mislead consumers and potential consumers into believing that the Defendants' goods are affiliated with or are sponsored, authorized, approved or sanctioned by Klein-Becker.

43.     By using the infringing trade dress in connection with the commercial distribution of its products, in direct competition with Klein-Becker, Defendants have traded upon the goodwill that Klein-Becker has established in its trade dress that it has created and uses.

44.     Defendants' infringing conduct has created, or is likely to create, a misperception in the minds of the consuming public that their products are part of a family of products sponsored, authorized, approved or sanctioned by Klein-Becker.

45.     Defendants' infringing conduct has caused Klein-Becker to sustain irreparable harm and other damages in an amount to be determined at the time of trial.

46.     Defendants' unlawful activities, as alleged, have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Klein-Becker for which Klein-Becker has no adequate remedy at law.

47.     In accordance with 15 U.S.C. §§ 1116 and 1117, Klein-Becker should be awarded injunctive relief and actual damages, costs and attorney fees, as well as Defendants' profits derived from their infringing activities, said amounts to be trebled by virtue of the Defendants' knowing and willful behavior.

**Second Cause of Action**
**(Lanham Act – 15 U.S.C. § 1125(a) - Unfair Competition)**

48.     Klein-Becker reasserts paragraphs 1-47 and incorporates those paragraphs by reference as if set forth fully herein.

49. Defendants' conduct, including copying Plaintiffs' trade dress for use in Defendants' Collagen Life product, as previously alleged, constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

50. Defendants' unfair competition has caused Klein-Becker to sustain irreparable harm and other damages in an amount to be determined at trial.

51. Defendants' unfair competition, as alleged, has caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss and injury to Klein-Becker for which Klein-Becker has no adequate remedy at law.

52. In accordance with 15 U.S.C. §§ 1116 and 1117, Klein-Becker should be awarded injunction relief and actual damages, costs and attorney's fees, as well as Defendants' profits derived from its unfair competition, said amounts to be trebled by virtue of the Defendants' knowing and willful behavior.

### Third Cause of Action
### (Utah Truth in Advertising – Utah Code Ann. § 13-11a-1, *et seq.*)

53. Klein-Becker reasserts paragraphs 1-52 and incorporates those paragraphs by reference as if set forth fully herein.

54. With knowledge of the goodwill, reputation and value represented and symbolized by the Klein-Becker trade dress, Defendants used trade dress on the Collagen Life products that is likely to cause confusion or of misunderstanding as to the source, sponsorship or approval of Defendant's goods by Klein-Becker in violation of Utah Code § 13-11a-3.

14

55. Furthermore, the Collagen Life trade dress is so similar to Klein-Becker's trade dress that it represents to consumers that the Collagen Life products have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have in violation of Utah Code § 13-11a-3.

56. Pursuant to Utah Code Ann. § 13-11a-4, Klein-Becker is entitled to actual damages caused by Defendant's deceptive trade practices, as well as costs and attorney's fees, arising from Defendants' deceptive trade practices.

## Fourth Cause of Action
## (Unfair Competition-Utah Code Ann. § 13-5a-101 *et seq*)

57. Klein-Becker reasserts paragraphs 1-56 and incorporates those paragraphs by reference as if set forth fully herein.

58. Defendants have misappropriated Klein-Becker's trade dress, which constitutes trademark infringement within the meaning of Utah Code Ann. § 13-5a-102 and have otherwise engaged in unfair competition in the form of intentional business acts and/or practices that are unlawful, unfair or fraudulent and have diminished the value of Klein-Becker's intellectual property.

59. Defendants' unlawful, unfair or fraudulent acts and/or practices include intentionally misappropriating the trade dress of Klein-Becker's StriVectin product for use on their own Collagen Life product for the purpose of trading on Klein-Becker's goodwill.

60. In so doing, Defendants have interfered with Klein-Becker's existing and prospective economic relations with consumers.

15

#190348 v1

61.     Defendants' conduct has lead to a diminution in the value of Klein-Becker's business and intellectual property, including but not limited to the loss of sales to existing and prospective StriVectin-SD® customers and the concomitant loss of good will associated with those sales, and a loss in Plaintiffs' ability to exercise control over the use of the StriVectin-SD® trademark and trade dress.

62.     Plaintiffs have been injured by Defendants unfair competition and are entitled to all relief set forth in Utah Code Ann. § 13-5a-103, including actual damages, costs and attorney fees and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Klein-Becker prays for an Order and Judgment:

A.      Ordering that Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them, including their distributors who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from:

> 1.      Using, producing, marketing, selling, transporting, distributing, moving and or otherwise circulating any and all services or products, including, without limitation, stretch mark or anti-winkle products, which bear Klein-Becker's trade dress or any confusingly similar variations thereof, including, but not limited to, the Collagen Life products.

       2.      Making any false designation of origin, description, representation, or suggestion that any of Defendants' products are affiliated, connected or associated with, sponsored, authorized, approved, sanctioned or licensed by Klein-Becker.

       3.      Acting in any manner that causes Defendants' products or services, including, without limitation, their cosmetic products and stretch mark products, to be in any way confused with Klein-Becker, Klein-Becker's products or services, or the goodwill associated with Klein-Becker.

       4.      Inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

B.     Ordering Defendant to use its best efforts to recall from any and all channels of distribution any product, packaging, labeling, advertising and/or other promotion or other material of any kind which constitutes an unlawful trade dress and to send written notice, approved by the Plaintiffs, to each party who has received such materials requesting that such recipient return all materials to Defendants and advising such recipient of the pendency of this action and that the Defendants have been enjoined from using the trade dress displayed on its products which are determined to be a violation herein.

C.     Ordering that, in accordance with 15 U.S.C. § 1117, Defendants be required to:

       1.      Account for and pay over to Klein-Becker an amount equal to Klein-Becker's actual damages, and all of the gains, profits, savings, and advantages realized by Defendants as a result of their unfair competition, and if Defendants'

17

#190348 v1

actions are deemed willful and intentional, then such amount should be increased to an amount not exceeding three times of such amount.

    2.    Reimburse Klein-Becker for the costs of this action.

    3.    Reimburse Klein-Becker for any and all reasonable attorney's fees incurred as a result of Defendants' unfair competition.

D.    Ordering that, under Utah law, Defendants shall pay actual and punitive damages, together with attorney fees and costs of this action.

E.    Ordering that Klein-Becker be awarded other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 13th day of November, 2007.

MANNING CURTIS BRADSHAW
& BEDNAR LLC

_____
Brent V. Manning
Chad R. Derum
Attorneys for Plaintiffs Klein-Becker USA, LLC
and Klein-Becker IP Holdings, LLC

Plaintiffs' Address:

5742 West Harold Gatty Drive
Salt Lake City, Utah 84116

#190348 v1

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Klein-Becker USA, LLC, Klein-Becker IP Holdings, LLC | Collagen Corporation; Doctors Skin Care Inst. Med. Clinic, et al. |
| (b) County of Residence of First Listed Plaintiff    SL | County of Residence of First Listed Defendant |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| Brent V. Manning, Chad R. Derum | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| Manning Curtis Bradshaw & Bednar LLC | |
| (c) Attorney's (Firm Name, Address, and Telephone Number)  (801) 363-5678 | Attorneys (If Known) |
| 3rd Floor Newhouse Bldg., 10 Exchange Place, SLC, UT 84111 | |

FILED
U.S. DISTRICT COURT
2007 NOV 13  A 11: 02
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):  15 U.S.C. § 1125

Brief description of cause:   Trade dress infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Injunction and Monetary Damages, TBD

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/13/07

SIGNATURE OF ATTORNEY OF RECORD  _/s/_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

Case: 2:07cv00873
Assigned To : Stewart, Ted
Assign. Date : 11/13/2007
Description: KleinBecker et al v. Collagen Corporation et al