MANNING CURTIS BRADSHAW & BEDNAR LLC
Brent V. Manning, # 2075
Chad R. Derum, # 9452
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, UT  84111
Telephone:  (801) 363-5678
Facsimile:  (801) 364-5678
bmanning@mc2b.com
cderum@mc2b.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN,<br><br>    Defendants. | **ATTORNEY'S PLANNING MEETING REPORT**<br><br>Case No. 2:07-cv-873<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

**1.**     **PRELIMINARY MATTERS**:

    a.     The nature of the claims and affirmative defenses is:

    b.     This case is     ___X_not referred to a magistrate judge

                      _____referred to magistrate judge *name of magistrate judge*

                            _____under 636(b)(1)(A)

                            _____under 636(b)(1)(B)

    c.     Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on March 6, 2008  by telephone.

    The following were in attendance:

      Chad R. Derum, counsel for Plaintiffs

      Todd E. Zenger, counsel for Defendants

  d. The parties _____ request / __X__ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge David Nuffer on April 23, 2008, at 10:30 a.m.

  e. The parties _____ have exchanged or ___X__ will exchange by 3/21/08 the initial disclosures required by Rule 26(a)(1).

**2. ELECTRONIC SERVICE**:

Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived, unless electronic or email service is not possible or is contrary to the applicable rules or because of the nature of the filing (i.e. a document is filed under seal).

**3. DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

  a. Discovery is necessary on the following subjects:

  Discovery is necessary on all of Plaintffs' claims against Defendants. This includes, but is not limited to, Defendants' misappropriation and use of Plaintiffs' trade dress, the extent to which Defendants have profited through such misappropriation, and the damage to Plaintiffs' business goodwill as a result of Defendants' actions.

  Discovery is also necessary on all of Defendants' defenses, including the Court's jurisdiction and whether Defendants' prior uses of brand names or trade dress are permitted by law under theories including but not limited to waiver, estoppel and laches.

    b.    Discovery Phases: Discovery will be conducted in phases. Fact discovery will precede expert discovery.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    Oral Exam Depositions

            Plaintiffs:    10

            Defendants:    10

            Maximum no. hrs. per deposition: 8

        (2)    Interrogatories: 35 Interrogatories may be served on each named party.

            Admissions: No limit

            Requests for production of documents: No limit

        (3)    Other discovery methods: Any other discovery methods may be used by mutual consent of the parties.

**4.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    The cutoff dates for filing a motion to amend pleadings are:

        Plaintiffs: 4/21/08    Defendant(s) 5/12/08

    b.    The cutoff dates for filing a motion to join additional parties are:

        Plaintiffs: 4/21/08    Defendants(s) 5/12/08

        *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

**5.    EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on: *specify dates*

        Plaintiff(s) 8/21/08

        Defendants: 9/19/08

        Counter reports: 10/1/08

**6.    OTHER DEADLINES**:

    a.    Discovery cutoff: Fact: 8/19/08    Expert: 10/31/08

    b.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is: 12/1/08

**7.    ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.    The potential for resolution before trial is:  ___ good   ___ fair  __x__ poor

c.    The case should be re-evaluated for settlement/ADR resolution on:

8/19/08

**8.    TRIAL AND PREPARATION FOR TRIAL:**

a.    The parties should have __14__ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

b.    This case should be ready for trial by:  February 1, 2009

*Specify type of trial*:  Jury     X     Bench

c.    The estimated length of the trial is:  4 days

| /s/  Chad R. Derum | Date: 03/06/08 |
|---|---|

Signature and typed name of Plaintiff(s) Attorney

| /s/  Todd E. Zenger | Date: 03/06/08 |
|---|---|

Signature and typed name of Defendant(s) Attorney

# NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court thirty days before the date of the Initial Pretrial Conference.  A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov.  If counsel meet, confer, and
    (i)    file a stipulated Attorney Planning Meeting Report *and*
    (ii)   email a draft scheduling order in word processing format by email to
           ipt@utd.uscourts.gov
30 days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.

