MANNING CURTIS BRADSHAW
& BEDNAR LLC
Brent V. Manning, # 2075
Chad R. Derum, # 9452
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678

Attorneys for Plaintiffs
   Klein-Becker USA, LLC and
   Klein-Becker IP Holdings, LLC

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KLEIN-BECKER USA, LLC,  KLEIN-BECKER IP HOLDINGS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST AND SECOND SETS OF DISCOVERY REQUESTS**<br><br>**EXPEDITED TREATMENT REQUESTED**<br><br>Case No.:  2:07-cv-873<br><br>Judge Ted Stewart |

    Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii), Plaintiffs Klein-Becker USA, LLC and Klein-

Becker IP Holdings, LLC ("Plaintiffs") through their undersigned counsel, submit this

Memorandum in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' First and Second Sets of Discovery Requests.

## INTRODUCTION

Plaintiffs' attempts to begin the fact discovery process in this case have been completely frustrated by Defendants'[1] total failure to provide any response to Plaintiffs' First and Second Sets of Discovery Requests. Plaintiffs have attempted to confer with Defendants' counsel to obtain responses, but counsel has not responded. Plaintiffs, being unable to prosecute their case without any cooperation from Defendants, thus have no choice but to seek relief from the Court through this Motion to Compel.

## STATEMENT OF FACTS

The following Statement of Facts ("SOF") provides the factual basis for Plaintiffs' motion:

1. On March 6, 2008, the Court entered a Scheduling Order [ECF # 9] to govern the parties' litigation in this case. Among other dates, the Court set the deadline for exchange of Rule 26(a) Initial Disclosures on **March 21, 2008**. The Court also set the deadline for fact discovery as **August 19, 2008.** *Id.*

2. On March 21, 2008, Plaintiffs served their Initial Disclosures on Defendants as required under the Scheduling Order. However, Defendants did not serve their Initial Disclosures until nearly a month later, on April 16, 2008. Defendants served these responses only after Plaintiffs' counsel sent multiple inquiries to Defendants' counsel concerning the status

---

[1] The term "Defendants" refers collectively to each of the named Defendants Collagen Corporation, Doctors Skin Care Institute, and Leslie Feinstein aka L. Louise Brody aka Louise Brody Feinstein aka Louise Leslie Feinstein.

of Defendants' initial disclosures. *See e.g.,* April 1, 2008 E-Mail from Chad R. Derum to Todd Zenger, attached as Exhibit A hereto; April 14, 2008 E-Mail from Chad R. Derum to Todd Zenger, attached as Exhibit B hereto.

3. On April 23, 2008, Plaintiffs served their First Set of Interrogatories and Requests for Production of Documents on Defendants. *See* Exhibit C attached hereto.

4. On April 24, 2008, Plaintiffs' counsel attempted to obtain the documents identified in Defendants' initial disclosures through the parties' informal cooperation. *See* April 24, 2008 E-Mail from Chad R. Derum to Todd Zenger, attached as Exhibit D hereto.

5. In response to Plaintiffs' inquiry about providing the initial disclosure documents, Defendants' counsel informed Plaintiffs' counsel that "We believe we have fulfilled Collagen's Rule 26(a) disclosure requirement; it does not require production of documents. FRCP 26(a). The local rule adds no production requirement. Collagen will timely respond to any proper Rule 34 document requests." *See* April 24, 2008 E-Mail from Chad R. Derum to Todd Zenger, attached as Exhibit E hereto.

6. Accordingly, on April 24, 2008, Plaintiffs served their Second Set of Requests for Production of Documents on Defendants, seeking production of the documents identified in Plaintiffs' Rule 26(a) Disclosures. *See* Exhibit F attached hereto.

7. Under Fed. R. Civ. P. 33 and 34, Defendants' responses to Plaintiffs' First and Second Set of Discovery Requests ("Plaintiffs' Discovery Requests") were due on May 27, 2008 and May 28, 2008 respectively. Defendants did not provide timely discovery responses prior to that date.

8. On June 2, 2008, Plaintiffs' counsel sent correspondence to Defendants' counsel seeking to confer with Defendants to obtain compliance with their discovery obligations without

involving the Court.  *See* June 2, 2008 E-Mail from Chad R. Derum to Todd E. Zenger, attached as Exhibit G hereto.  In that correspondence, Plaintiffs' counsel informed Defendants that the discovery responses were necessary so that Plaintiffs could "move forward with deposition discovery" of Defendants.  *Id.*  Additionally, Plaintiffs' counsel informed Defendants that "[i]f we do not receive the requested discovery by Wednesday, June 4, 2008 at 5pm, we will move the Court to compel the responses."  *Id.*

       9.      As of June 12, 2008, Defendants have neither served the required discovery responses nor otherwise communicated with Plaintiffs about any matters relating to this case.

**ARGUMENT**

I.  **THE COURT SHOULD COMPEL DEFENDANTS TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS.**

Defendants have failed to provide any response to Plaintiffs' Discovery Requests. Defendants also failed to make any attempt to confer with Plaintiffs about the reasons for the delay. Instead, Plaintiffs have simply been met with complete silence on the subject of Plaintiffs' discovery requests. This silence falls on the heels of Defendants' prior failure to provide timely Rule 26(a) Initial Disclosures. SOF ¶¶ 1-2. Although this litigation is in its early stages, Defendants have already developed a pattern of dilatory conduct that has completely frustrated Plaintiffs' ability to proceed with the prosecution of their claims. Indeed, the audacity of Defendants' dilatory conduct is exemplified in their demand that Plaintiffs file a discovery request to obtain the documents identified in their initial disclosures, only to fail to respond to the discovery request seeking those documents. SOF ¶¶ 4-6. Plainly, Defendants' failure to respond to Plaintiffs' interrogatories or provide any document discovery has completely stifled Plaintiffs' ability to schedule meaningful deposition discovery. The fact discovery cut-off in this case, August 18, 2008, is just two months away and Plaintiffs will obviously have extreme difficulty completing discovery before that date without Defendants' discovery responses. Plaintiffs cannot be expected to depose Defendants' representatives without the benefit of first obtaining written discovery upon which to examine Defendants' witnesses.

Ultimately, a lengthy argument about why Defendants should be compelled to respond to Plaintiffs' Discovery Requests is pointless. Defendants are aware of their obligations under the Federal Rules of Civil Procedure. SOF ¶ 5. Equally apparent is that Defendants' delay has placed in jeopardy the deadlines set in the Court's Scheduling Order. Neither Plaintiffs nor the

1

Court should have to invest any resources simply to obtain Defendants' compliance with their discovery obligations. For these reasons, the Court should enter an Order requiring Defendants to respond to Plaintiffs' Discovery Requests immediately. Additionally, the Court should enter an Order awarding Plaintiffs their fees and costs incurred in obtaining Defendants' responses to Plaintiffs' Discovery Requests. This is particularly appropriate where Plaintiffs' present Motion does not concern the mere inadequacy of Defendants' responses to Plaintiffs' Discovery Requests, but rather the complete, unapologetic failure to provide any response at all.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Compel Responses to Plaintiffs' First and Second Sets of Discovery Requests. The Court should further award Plaintiffs their attorney fees and expenses in connection with preparing this Motion and obtaining Defendants' responses to Plaintiffs' Discovery Requests.

RESPECTFULLY SUBMITTED this 12th day of June, 2008.

        MANNING CURTIS BRADSHAW
         & BEDNAR LLC

        /s/ Chad R. Derum
        _____
        Brent V. Manning
        Chad R. Derum
        Attorneys for Plaintiffs Klein-Becker USA, LLC
        and Klein-Becker IP Holdings, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIRST AND SECOND SETS OF DISCOVERY REQUESTS** to be served in the method indicated below to the below named attorney this 12th day of June, 2008.

| | |
|---|---|
| \_\_\_Hand Delivery | Todd E. Zenger |
| \_\_  U.S. Mail | Dax D. Anderson |
| \_\_\_Overnight Mail | KIRTON & McCONKIE |
| \_\_\_Fax Transmission | 1800 Eagle Gate Tower |
| \_\_\_E-Mail Transmission | 60 E. South Temple |
| _X _ECF | Salt Lake City, UT  84111 |

      /s/  Chad R. Derum
_____

3

#190348 v1