MANNING CURTIS BRADSHAW
& BEDNAR LLC
Brent V. Manning, # 2075
Chad R. Derum, # 9452
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678

Attorneys for Plaintiffs
  Klein-Becker USA, LLC and
  Klein-Becker IP Holdings, LLC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC<br><br>Plaintiff,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN,<br><br>Defendants. | **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:07-CV-873<br><br>Judge Ted Stewart |
|---|---|

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Klein-Becker USA, LLC, Klein-Becker IP Holdings, LLC ("Klein-Becker"), by and through their attorneys, hereby submit the following First Set of Interrogatories and Requests for Production of Documents on Defendants Collagen Corporation ("Collagen"); Doctors Skin Care Institute Medical Clinic, Inc. ("Doctors") and Leslie Feinstein aka L. Louise Brody aka Louise Brody

#190348 v1

Feinstein aka Louise Leslie Feinstein ("Feinstein") (collectively "Defendants"). Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants' Responses and Answers to Interrogatories and Requests for Production of Documents must be served upon, or, if applicable, produced for inspection and copying to, Klein-Becker's counsel at the offices of MANNING CURTIS BRADSHAW & BEDNAR LLC, Third Floor Newhouse Building, 10 Exchange Place, Salt Lake City, Utah 84111, within thirty (30) days from the date of service hereof or within such shorter period as the Court shall order.

## INSTRUCTIONS

For purposes of these Interrogatories and Requests for Production of Documents (the "Discovery Request"), the following instructions apply:

1. This Discovery Request is continuing in nature and, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a duty to seasonably supplement your responses with any information subsequently obtained by you or any change in circumstances rendering your responses to this Discovery Request incomplete or inaccurate.

2. You are required to provide all information that is available to you, including information in the possession of your present and former attorneys, accountants, representatives, agents or other persons acting on your behalf.

3. As to all documents identified or produced in response to this Discovery Request, identify the interrogatory or document request to which each document is responsive.

4. If you decline to produce any requested information or document on the grounds of attorney-client privilege, work product doctrine, or any other privilege, then (a) state the nature of the privilege relied upon and each and every fact giving rise to the alleged privilege; (b) describe fully the extent to which the privilege is being asserted; (c) identify the information or

document in accordance with paragraph 6 of the Definitions section of this Discovery Request; and (d) if the production of a document is withheld on the grounds of the work product doctrine, identify the proceeding for which the document was, or has been, prepared and identify all persons receiving a copy of the document with a brief description of the document's subject matter.

5. Any term not defined in the following Definitions section refers to its usage, if any, in the Complaint filed by Plaintiffs in this action.

## DEFINITIONS

For purposes of this Discovery Request, the following definitions apply unless otherwise indicated:

1. "Complaint" shall mean the Complaint filed November 13, 2007.

2. "Answer" shall mean the Answer that Defendants filed on February 7, 2008.

3. "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

4. The word "documents" is used in these Interrogatories in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however stored, produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including, but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, notes of conversations, contracts, agreements, drawings, telegrams, electronic mail, tape recordings, communications, including inter-office and intra-office memoranda, reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, cancelled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or

negotiations, meetings or conferences or things similar to any of the foregoing, and to include any data, information or statistics contained within any data storage modules, tapes, discs, diskettes, or other memory device, or other information retrievable from any storage systems, including, but not limited to, computer-generated reports and printouts. The word "document" also includes data compilations from which information can be obtained and translated, if necessary, by the respondent through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies which are not identical, each modified copy or unidentical copy is a separate "document."

    5. To "identify" or "state the identity of" an individual, state with respect to each such individual the following information:

        a. His or her full name; present or last known residence and business address and present or last known residence and business telephone numbers.

        b. His or her last known employer and job title; or if self-employed, a statement of this fact and a name or address under which he or she does business.

    6. To "identify" or "state the identity of" a document or a written statement, state with respect to each such document or written statement:

        a. The type of document or written statement;

        b. The title of the document or written statement;

        c. The subject and substance of the document or written statement with sufficient particularity to enable it to be identified in a subpoena;

#190348 v1

  d. The date of execution that appears on the document or written statement of, if none, the date it was prepared;

  e. The number of pages of the document or written statement;

  f. The full name of each person whose signature appears on the document or written statement together with that person's last known business address, telephone number, and job title;

  g. The present location and identity of the custodian of the document or written statement.

7. The conjunctives "and" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of this Discovery Request information or documents that otherwise would not be brought within their scope.

8. Unless otherwise noted, the terms "You," "your" and "Defendants" refer to Defendants Collagen Corporation ("Collagen"); Doctors Skin Care Institute Medical Clinic, Inc. ("Doctors") and Leslie Feinstein aka L. Louise Brody aka Louise Brody Feinstein aka Louise Leslie Feinstein ("Feinstein").

9. "Klein-Becker's Products" shall include: StriVectin-SD® and any other product known to you to be manufactured by Klein-Becker. The names of these products shall have the meaning, if any, given in the Complaint.

10. "Person" shall mean a natural human being or any business organization of any kind, including partnerships, associations, corporations, legal representations, trustees, trustees in bankruptcy or labor organizations.

#190348 v1

11. "Collagen Life" shall refer to the cosmetic wrinkle therapy formulation called "Collagen Life" that is described in the Complaint and pictured in Paragraph 29 of the Complaint.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify the person responding to these interrogatories, including your full name, telephone number, address and business title.

**INTERROGATORY NO. 2:** Identify all names by which Leslie Feinstein has been known or identified, whether in a personal or professional capacity, since 1980. For each such different name, state the following:

    a.    The period during which the name was used.

    b.    The name's origin (i.e., given name, married name, professional name).

**INTERROGATORY NO. 3:** Identify each witness whom you intend to call at trial for this action and state the substance of each person's expected testimony.

**INTERROGATORY NO. 4:** Identify Leslie Feinstein's legal relationship with each of the following:

    a.    Collagen Corporation

    b.    Doctors Skin Care Institute Medical Clinic, Inc.

**INTERROGATORY NO. 5:** Identify all names and locations of any place (whether at a physical establishment, Internet website or other place) at which you have made Collagen Life available for purchase.

**INTERROGATORY NO. 6:** Identify each of the following dates:

    a.    The date on which the Collagen Life product was first manufactured.

#190348 v1

      b.      The date on which with the packaging for Collagen Life that is described in the Complaint at Paragraph 29 was first used in commerce. (This date is described herein as the "Date of First Use").

**INTERROGATORY NO. 7:** Identify the manufacturing facility or facilities where the packaging for Collagen Life that is the subject of the Complaint was made.

**INTERROGATORY NO. 8:** Identify the following concerning sales of Collagen Life since the Date of First Use:

      a.      The total gross sales of Collagen Life.

      b.      The total number of units of Collagen Life sold.

      c.      The net profit on sales of Collagen Life.

      d.      The total gross sales of Collagen Life through Internet/website sales.

      e.      The total gross sales of Collagen Life through tradeshow sales.

      f.      The total gross sales of Collagen Life at retail (brick and mortar) stores.

**INTERROGATORY NO. 9:** Identify all instances in which you: a) sold in the state of Utah, or b) shipped into the state of Utah. For each such instance, identify the number of units sold, the method of sale, the place of sale, and the city to which you shipped the product.

**INTERROGATORY NO. 10:** Identify the first date on which you became aware of Klein-Becker's trade dress for StriVectin-SD®, as that trade dress is described and portrayed in the Complaint.

**INTERROGATORY NO. 11:** Identify the person(s) who designed the packaging for Collagen Life.

**INTERROGATORY NO. 12:** Identify all websites that sell Collagen Life.

**INTERROGATORY NO. 13:** Identify the total number of unsold packages of Collagen Life that are in your possession, custody, or control.

**INTERROGATORY NO. 14:** Identify all documents concerning the packaging of Collagen Life that you have destroyed since receiving notice of Plaintiffs' lawsuit.

**INTERROGATORY NO. 15:** Identify all documents concerning the trade dress for StriVectin-SD® you have destroyed since receiving notice of Plaintiffs' lawsuit.

**INTERROGATORY NO. 16:** Identify all persons who participated in the decision to use the Collagen Life packaging described in the Complaint.

**INTERROGATORY NO. 17:** Identify the board of directors of, and each and every person with an ownership interest in, or management position in, the following:

    a.    Collagen Corporation

    b.    Doctor's Skin Care Institute Medical Clinic

**INTERROGATORY NO. 18:** State the factual and evidentiary basis for your affirmative defense that the "Court lacks personal jurisdiction over Defendants."

**INTERROGATORY NO. 19:** State the factual and evidentiary basis for your affirmative defense that the "Defendants have used certain brand name, colors, and product packaging from a time before Plaintiffs' product."

**INTERROGATORY NO. 20:** Identify all persons who have acted as a sales representatives for Collagen Life for any period of time since the Date of First Use.

**INTERROGATORY NO. 21:** Identify all persons who supplied any information used in your responses to the foregoing interrogatories.

#190348 v1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Produce all documents identified in, or which concern your responses to the Interrogatories set forth above, including all documents you used in preparing your responses to the foregoing Interrogatories.

**REQUEST NO. 2**: Produce an example of each type of packaging used for the Collagen Life anti-wrinkle product described in the Complaint, including but not limited to packaging used before and after the Date of First Use.

**REQUEST NO. 3**: Produce all documents relating to the process of designing the packaging for Collagen Life, including all mock-up packages, computer files containing drafts of packaging images, and any other materials that reflect the development of the Collagen Life packaging.

**REQUEST NO. 4**: Produce all correspondence that references or mentions the packaging to be used for Collagen Life.

**REQUEST NO. 5**: Produce all documents reflecting the corporate organization of Collagen Corporation and the Doctors Skin Care Institute Medical Clinic, including but not limited to: articles of organization, articles of incorporation, operating agreements, corporate registration statements, business licenses, and any and all other documents reflecting the corporate organization, formation and structure of these businesses.

**REQUEST NO. 6**: Produce all documents accounting for the gross sales of Collagen Life for the period from the Date of First Use until the date that you respond to these Requests.

**REQUEST NO. 7**: Produce all documents reflecting communications between you and any skin care product distributor concerning Collagen Life, StriVectin-SD® or this lawsuit.

**REQUEST NO. 8**: Produce all documents concerning communications with any person or entity concerning StriVectin-SD® or Collagen Life or this lawsuit since the Date of First Use.

**REQUEST NO. 9**: Produce all documents reflecting shipments made into Utah, including but not limited to, shipping information, receipts for shipping, or other information relating to shipments of Collagen Life into Utah.

**REQUEST NO. 10**: Produce a copy of all financial statements for Collagen Corporation and Doctors Skin Care Institute Medical Clinic from 1997 to 2007.

**REQUEST NO. 12**: Produce a copy of all personal income tax returns for Leslie Feinstein (or any other names under which Feinstein filed taxes) for the years 1997 to 2007.

**REQUEST NO. 13**: Produce all documents supporting your affirmative defense that "Defendants have used certain brand name, colors, and product packaging from a time before Plaintiffs' product."

**REQUEST NO. 14**: Produce all documents supporting your affirmative defense that the "Court lacks personal jurisdiction over Defendants."

**REQUEST NO. 15**: Produce a copy of any correspondence between you and any of your customers that mentions, in any capacity, StriVectin-SD® or any other Klein-Becker product.

**REQUEST NO. 16**: Produce a copy of each and every advertisement for Collagen Life that is or has been displayed in any medium, including but not limited to: magazine advertisements, product brochures, Internet advertisements, or other printed or electronic advertisements.

10

#190348 v1

DATED this 23rd day of April, 2008.

                    MANNING CURTIS BRADSHAW
                        &amp; BEDNAR LLC

                    _____
                    Brent V. Manning
                    Chad R. Derum
                    Attorneys for Plaintiffs Klein-Becker USA, LLC
                    and Klein-Becker IP Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** to be served in the method indicated below to the below named attorney this 23rd day of April, 2008.

|  |  |
|---|---|
| ___Hand Delivery<br>_X_U.S. Mail<br>___Overnight Mail<br>___Fax Transmission<br>___E-Mail Transmission | Todd E. Zenger<br>Dax D. Anderson<br>KIRTON & McCONKIE<br>1800 Eagle Gate Tower<br>60 E. South Temple<br>Salt Lake City, UT 84111 |

_____

#190348 v1