IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC,<br>KLEINBECKER IP HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN,<br><br>　　　　　　　　　　Defendants. | **MEMORANDUM DECISION and ORDER GRANTING MOTION TO COMPEL, IMPOSING SANCTIONS and REPORT AND RECOMMENDATION**<br><br>Case No.2:07 CV 873 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

　　　　On June 12, 2008, Plaintiffs filed their Motion to Compel Defendants Responses to Plaintiffs' First and Second Sets of Discovery Requests.[1]  Defendants responded to Plaintiffs' discovery requests while Plaintiffs' motion to compel was pending and filed a memorandum opposing plaintiffs' motion[2] which outlined the responses made.  Defendants' discovery responses, however, were inadequate and failed to include information concerning the most significant aspects of the case.  Thus, Plaintiffs reply memorandum urged the court to compel responses.[3]

　　　　These discovery requests were very important to the case and responses critical to development of evidence.  Document Request No. 3 requested information on packaging,

---

[1] Docket no. 10.

[2] Docket no. 13.

[3] Docket no. 14.

essential to determination of liability issues.[4]  Document Request No. 4 requested correspondence that mentions packaging.[5]  Again, this is central to liability determination. Document Request No. 6 requests financial information, and Defendants responded that they have none, in spite of the fact that "Defendants identify no fewer than 13 locations at which Collagen Life is available for purchase."[6]  Without this information, damages cannot be measured.  Similarly, in response to Document Request No. 10 for financial statements, Defendants responded that there are none.[7]  Finally, Defendants produced nothing in response to Document Request No. 12 seeking tax records.[8]

On July 22, 2008, the court entered an order taking Plaintiffs' motion to compel under advisement[9] and requiring Defendants to respond to Plaintiffs' discovery requests by July 31, 2008.  The order stated:

> IT IS HEREBY ORDERED that Defendants shall complete any production subject of this motion to compel on or before July 31, 2008.  The record for compliance will close on that date.  Defendants shall, on that date, file a surreply identifying all production made after July 21, 2008, as to the document requests outlined in pages 2-5 of [14] Reply Memorandum in Support of Plaintiff's Motion to Compel Responses to Plaintiffs' First and Second Discovery Requests. Plaintiff may file any Sur-surreply on before August 4, 2008.

Defendants ignored the deadline.  Defendants did not complete any production as required and did not file a Sur-reply identifying all production made after July 21, 2008.[10]

---

[4] Reply Memorandum in Support of Motion to Compel Responses to Plaintiffs' First and Second Sets of Discovery Requests at 2-3, docket no. 14, filed July 21, 2008.  Defendants' Responses to Plaintiffs 1st and 3nd Set of Interrogatories and Requests for Production of Documents are attached to the Reply Memorandum as Exhibit B.

[5] *Id.* at 3.

[6] *Id.* at 3-4.

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] Docket no. 15.

[10] Plaintiffs' Sur-reply in Support of Motion to Compel Responses to Plaintiffs' First and Second Discovery Request, docket no. 16, filed August 1, 2008.

Then, the court ordered that "on or before August 22, 2008 Defendants shall file any document showing cause why further sanctions under Fed. R. Civ. P. 37 should not be imposed for failure to make the required production."[11] This order also warned that

> sanctions may include imposition of attorneys fees and the following:
> (i) directing that certain facts be taken as established for purposes of the action, as the Plaintiffs claim;
> (ii) prohibiting Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) rendering a default judgment against Defendants; or
> (v) treating as contempt of court the failure to obey.[12]

The order also provided that "Plaintiffs may file proof of expenses, including attorneys' fees, incurred in this motion through today's date and within five business days of that filing Defendants may file a response."[13] Plaintiffs filed an affidavit requesting attorney's fees.[14]

Defendants again made no response. While they could have responded to show cause why sanctions should not be imposed, and could have objected to the request for fees, they did not. They have therefore forfeited any opportunity to (a) produce documents; (b) file documentation of their production; (c) show cause why sanctions should not be imposed; and (d) resist Plaintiffs' request[15] for $3,768,75 expenses and attorney's fees. They have ignored orders requiring production and explanation of their inaction. Defendants are thus thwarting the progress of the litigation. They have been warned of the sanctions that may result from their inactions.

---

[11] Docket no. 17, filed August 8. 2008.

[12] *Id.*

[13] *Id.*

[14] Affidavit for Attorney's Fees, docket no. 18, filed August 13, 2008.

[15] *Id.*

3

**ORDER**

IT IS HEREBY ORDERED that the motion to compel[16] is GRANTED.

IT IS FURTHER ORDERED that Defendants, jointly and severally, shall pay to Plaintiffs, the sum of $3,768,75 on or before September 30, 2008.

**RECOMMENDATION**

IT IS RECOMMENDED pursuant to 28 U.S.C. 636(b)(1) that the district judge strike the answers of the Defendants for their failure to respond to discovery and to orders of the court.  This will partially remediate the failure of Defendants to participate in the discovery process.

**NOTICE TO PARTIES**

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Dated this 8th day of September, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[16] Motion to Compel Defendants Responses to Plaintiffs' First and Second Sets of Discovery Requests, docket no. 10, filed June 12, 2008.