MANNING CURTIS BRADSHAW
& BEDNAR LLC
Brent V. Manning, # 2075
Chad R. Derum, # 9452
Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, Utah 84111
Telephone:  (801) 363-5678
Facsimile:   (801) 364-5678

Attorneys for Plaintiffs
   Klein-Becker USA, LLC and
   Klein-Becker IP Holdings, LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC<br><br>Plaintiffs,<br><br>v.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN<br><br>Defendants. | **PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br><br>Case No.:  2:07-cv-873<br><br>Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Pursuant to DUCivR 83-1.4, Plaintiffs Klein-Becker USA and Klein-Becker IP Holdings ("Plaintiffs") respectfully submit this Response to Motion to Withdraw as Counsel for Defendants.

## BACKGROUND

Defendants' counsel moved the Court to withdraw as counsel on September 29, 2008--citing differences with Defendants over the "manner in which to participate, proceed, provide and pay for a defense in this case." ECF #22.  This motion was filed just one day before Defendants' obligation to pay Plaintiffs sanctions in the amount of $3,768.75 became effective under the Court's Order on Plaintiffs' Motion to Compel (the "Court's Order").  *See* ECF #20 (granting Motion to Compel and obligating Defendants to pay sanctions by September 30, 2008). Defendants have not paid the sanctions amount as required under the Court's Order.  The Court's Order also included a recommendation from the Magistrate Judge that Defendants' Answer to the Complaint be stricken.  *Id.*  Judge Stewart has not yet ruled on that recommendation.

Though Defendants' counsel sought to withdraw on September 29, 2008, Defendants' counsel had been actively engaged in attempting to resolve this case on his client's behalf as recently as September 22, 2008.  *See* September 22, 2008 Email from Todd Zenger to Chad R. Derum (redacted to remove proposed settlement terms), attached as Exhibit A.   Defendants' counsel has sought to withdraw even though depositions of Defendants are currently scheduled to occur in Florida on October 23rd and 24th.  *See* Notices of Defendants' Depositions, attached as Exhibit B.

On September 30, 2008, the Court took Defendants' counsel's motion to withdraw under advisement.  In the Court's Docket Text Order, the Court ordered that "[o]n or before October 7, 2008, **defendants' counsel shall file documents complying with DUCivR83-1.4** and plaintiffs may respond within three business days thereafter." ECF #23.  On October 7, 2008, Defendants' counsel filed a document titled "Notice of Service in Support of Motion to Withdraw as

Counsel." ECF #24. Defendants filed nothing else showing compliance with the Docket Text Order.

It has also come to Basic's attention that, notwithstanding the Court's Order, Defendants have continued to engage in the very conduct that is the basis for Plaintiffs' Complaint. Specifically, Plaintiffs have continued to advertise, market and make available for sale the very infringing Collagen Life product that is the subject of Plaintiffs' Complaint. Indeed, upon information and belief, Defendants are currently (meaning as of October 9, 2008) engaged in selling the infringing Collagen Life product at a trade show in Florida. Defendants have continued to engage in such sales despite previously failing to provide to Plaintiffs any information about their ongoing sales activity.

## ARGUMENT

**DEFENDANTS' COUNSEL HAS FAILED TO SATISFY THE REQUIREMENTS OF LOCAL RULE 83-1.4 AND THE MOTION TO WITHDRAW MUST BE DENIED.**

Under DUCivR 83-1.4, where an attorney seeks to withdraw without consent of the client, the attorney must submit an application to withdraw. Furthermore:

> [T]he application [to withdraw] must in the form of a motion *that must be served upon the client and all other parties or their attorneys*. The motion must be accompanied by a certificate of the moving attorney that (i) the client has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions; or (ii) the client cannot be located or, for whatever other reason, cannot be notified of the pendency of the motion and the status of the case.

DUCivR 83-1.4(a)(2).

Defendants' counsel has not satisfied the local rule and the motion to withdraw must be denied. The local rule plainly states that the motion must be served **"upon the client"** as well as

3

other parties and their lawyers.  Indeed, it is well settled in the case law that proof that the motion to withdraw has been served on the client is an essential prerequisite to withdrawal.[1]  Here, although Defendants' counsel served their motion on Plaintiffs' counsel, nothing proves that Defendants' counsel served the motion on his client.  *See* ECFs #21, 22.  Defendants' counsel's failure to adhere to the local rule requires that the motion be denied.

   Notice to the client of the motion to withdraw is not a mere clerical formality.  It is well settled under Tenth Circuit law that corporate entities (such as several of the named Defendants) are not allowed to appear pro se before the Court.[2]  Accordingly, courts in this district routinely impose on withdrawing counsel the obligation to notify the corporate entity clients of the duty to appoint counsel pursuant to DUCivR 83-1.4(b).[3]  Failure to provide such notice here will leave Defendants with the false impression that they either need not appoint counsel or that they can

---

[1] *See Cameron Financial Group, Inc. v. Midtowne Mortg., Inc.* 2008 WL 1904647, 1 -2 (D.Utah 2008) (attached as Exhibit C) (granting motion to withdraw upon proof that the motion to withdraw was "served upon the client and all other parties or their attorneys"); *Baum v. State Farm Mut. Auto. Ins. Co.* 2008 WL 318260, 2 (D. Utah 2008) (attached as Exhibit D) (granting motion to withdraw where "[t]he mailing certificates accompanying Farr's motion and supporting memorandum indicate that those documents were served upon both Plaintiff and State Farm's counsel.").

[2] *See Cameron Financial Group,* 2008 WL 1904647 at 2 ("While Rule 83-1.4(b) provides for a party to appear pro se, it is well settled under Tenth Circuit precedent that a corporate entity, such as Cameron, is not allowed to appear pro se) (citing *Harrison v. Wahatoyas, L.L.C,* 253 F.3d 552, 556 (10th Cir.2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.")).

[3] *See Muscat v. Prime West Jordanelle, LLC* 2008 WL 3861719, 1 (D.Utah 2008) (attached as Exhibit E) (ordering attorney to notify client of duty to appoint counsel); *Cameron Financial Group,* 2008 WL 1904647 at 2 (same).

continue to evade the Court's jurisdiction over them simply by failing to participate in the litigation.

Because Defendants' counsel is not entitled to withdraw, counsel is required to continue to act as attorney for his client and to execute his duties as an officer of the Court.  Thus, Defendants' counsel is obligated to act to ensure compliance with the Court's order mandating that Defendants pay sanctions to Plaintiffs for failing to adhere to the Court's discovery order. Defendants are now **delinquent** in their obligation to pay Court-ordered sanctions and the proposed withdrawal will merely complicate and delay satisfaction of the Court's Order. Moreover, the Court should not rule on the Motion to Withdraw until the Court has determined whether to follow the Magistrate Judge's recommendation that Defendants' Answers to Plaintiffs' Complaint be stricken. After the Court rules on the Magistrate Judge's recommendation, the scope of the issues will be substantially narrowed and the Court can visit the issue of withdrawal at that time, if necessary.  Allowing withdrawal at this stage will only needlessly prolong adjudication of that issue and add unnecessary time and expense for the parties and the Court.  This is particularly troubling because Plaintiffs have noticed Defendants' depositions to occur on October 23rd and 24th, barely two weeks from now.  Those depositions will have to be postponed if the Court grants the Motion to Withdraw.

Finally, it is not at all clear that Defendants' counsel has established a good cause basis for seeking to withdraw.  The timing of the proposed withdrawal is coincident with Defendants' obligation to pay Court-ordered sanctions and, whether intentional or not, it can be reasonably inferred that the proposed withdrawal merely serves to buy Defendants additional time to evade enforcement of the Court's sanction order against them and to prolong the litigation by adding an

#190348 v1

additional month during which Defendants can appoint new counsel. The fact that Defendants' counsel has attempted to negotiate a resolution of this matter as recently as **one week** prior to seeking to withdraw substantially undermines the claim that the differences between the client and the attorney are so great that Defendants' counsel has no choice but to withdraw from the litigation while significant unresolved issues remain before the Court, including satisfaction of the Court's sanctions order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Withdraw and immediately address the issue of whether Defendants' Answers to Plaintiff's Complaint should be stricken.

RESPECTFULLY SUBMITTED this 10th day of October, 2008.

                                              MANNING CURTIS BRADSHAW
                                                  & BEDNAR LLC

                                              /s/  Chad R. Derum
                                            _____
                                            Brent V. Manning
                                            Chad R. Derum
                                            Attorneys for Plaintiffs Klein-Becker USA, LLC
                                            and Klein-Becker IP Holdings, LLC

#190348 v1

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** to be served in the method indicated below to the below named attorney this 10th day of October, 2008.

| | |
|---|---|
| \_\_\_Hand Delivery | Todd E. Zenger |
| \_\_\_U.S. Mail | Dax D. Anderson |
| \_\_\_Overnight Mail | KIRTON & McCONKIE |
| \_\_\_Fax Transmission | 1800 Eagle Gate Tower |
| \_\_\_E-Mail Transmission | 60 E. South Temple |
| \_x\_ECF | Salt Lake City, UT  84111 |

                                /s/  Chad R. Derum
                                _____