IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER <br><br><br><br><br> Case No. 2:07-CV-873 TS |

This matter is before the Court on Plaintiffs' Motion for Temporary Restraining Order. Defendants have been provided notice of Plaintiffs' Motion and have been ordered to respond, which they have failed to do. Having considered Plaintiffs' Motion, the Court will convert the Motion into one for a preliminary injunction, grant the Motion, and issue an injunction.

## I. BACKGROUND

Plaintiffs filed this Complaint against Defendants on November 13, 2007. Plaintiffs allege that Defendants are misappropriating the trade dress of their StriVectin product in relation

1

to Defendants' sales of its product, Collagen Life.  Plaintiffs seek to enjoin Defendants from continuing their alleged infringing activities.

## II.  DISCUSSION

The standard for a TRO is the same as a preliminary injunction.[1]  "A preliminary injunction is an extraordinary remedy, and thus the right to relief must be clear and unequivocal."[2]  In order for Plaintiffs to be entitled to a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[3]  If Plaintiffs can satisfy the last three requirements, the standard for meeting the first requirement becomes more lenient.[4]  If however, the preliminary injunction would disturb the status quo, as it would here, Plaintiffs bear a heightened burden and must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.[5]

By separate order, the Court has entered default judgment against Defendants as a sanction for their failure to comply with discovery requests and the orders of the Court.  Based

---

[1]*Bachman By and through Bachman v. W. High Sch.*, 900 F.Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[2]*Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[3]*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[4]*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1199 (10th Cir. 1992).

[5]*General Motors Corp.*, 500 F.3d at 1226.

on this ruling, the Court finds that Plaintiffs have shown a substantial likelihood of success on the merits.[6]

The Court finds that Plaintiffs have shown irreparable harm.  Defendants actions threaten to dilute Plaintiffs' trade dress.  The potential loss of customer goodwill and reputation that Plaintiffs could suffer is largely unquantifiable.  The Court finds that any harm to Defendants is outweighed by the harm to Plaintiffs.

Protecting the rights of the owner of protected trade dress is consistent with the public interest.[7]  But there is also an interest in free competition in the marketplace.  Thus, the final factor does not favor either party.

Based on the above, the Court finds that Plaintiffs have made the required showing and are entitled to a preliminary injunction.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Docket No. 26) is GRANTED.

### IV.  PRELIMINARY INJUNCTION

IT IS THEREFORE ORDERED that Defendants Collagen Corporation, Doctors Skin Care Institute Medical Clinic, Inc, and Leslie Feinstein aka L. Louise Brody aka Louise Brody

---

[6]Even if default judgment had not been entered, the Court finds that Plaintiffs have shown a substantial likelihood of success on the merits because they have shown that: (1) their trade dress is inherently distinctive; (2) there is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional. *General Motors Corp.*, 500 F.3d at 1227.

[7]*Huish Detergents, Inc. v. Orange Glo Int'l, Inc.*, 2002 WL 32157171, *12 (D. Utah Nov. 6, 2002).

Feinstein aka Louise Leslie Feinstein, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from:

1.    Using, producing, marketing, selling, transporting, distributing, moving and or otherwise circulating any and all services or products, including, without limitation, stretch mark or anti-wrinkle products, which bear Plaintiffs' trade dress or any confusingly similar variations thereof, including, but not limited to the Collage Life Products.

2.    Making any false designation of origin, description, representation, or suggestion that any of Defendants' products are affiliated, connected or associated with, sponsored, authorized, approved, sanctioned or licensed by Plaintiffs.

3.    Acting in any manner that causes Defendants' products or services, including, without limitation, their cosmetic products and stretch mark products, to be in any way confused with Plaintiffs, Plaintiffs' products or services, or the goodwill associated with Plaintiffs.

4.    Exhibiting any advertisement for any of Plaintiffs' products, including but not limited to any StriVectin product, in any location under Defendants' control where Collagen Life is also being advertised or is otherwise available for sale.

5.    Inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

DATED   October 22, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

4