IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC.; and LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER IMPOSING TERMINATING SANCTIONS<br><br><br><br>Case No. 2:07-CV-873 TS |

This matter is before the Court for a determination of the appropriate sanctions for Defendants' failures to comply with discovery requests and Court orders. The Court heard oral argument on this matter on October 20, 2008. For the reasons discussed below, the Court finds that terminating sanctions should be applied. As a result, the Court will enter default judgment against Defendants.

1

I.  BACKGROUND

On June 12, 2008, Plaintiffs filed a Motion to Compel.[1]  That Motion sought to compel Defendants to comply with Plaintiff's discovery requests.  Those discovery requests were important to the case and the responses were critical to the development of evidence, including the determination of liability and damages.

On July 22, 2008, the Magistrate Judge entered a Docket Text Order ("First Docket Text Order") taking the Motion to Compel under advisement.[2]  The Magistrate Judge ordered Defendants to complete any production subject to the Motion to Compel by July 31, 2008.  The Magistrate Judge also ordered that Defendants file a sur-reply identifying the production made.  Defendants ignored the deadline.  Defendants did not complete any production as ordered and did not file a sur-reply.

On August 8, 2008, the Magistrate Judge entered another Docket Text Order ("Second Docket Text Order").[3]  The Magistrate Judge noted Defendants' non-compliance with the Court's orders and ordered "that on or before August 22, 2008, Defendant shall file any document showing cause why further sanctions under Fed.R.Civ.P. 37 should not be imposed for failure to make the required production."[4]  The Magistrate Judge warned that

> sanctions may include imposition of attorneys fees and the following:
> (i) directing that certain facts be taken as established for purposes of this action, as the Plaintiffs claim;

---

[1]Docket No. 10.

[2]Docket No. 15.

[3]Docket No. 17.

[4]*Id.*

    (ii) prohibiting Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) rendering a default judgment against Defendants; or
    (v) treating as contempt of court the failure to obey.[5]

Defendants again failed to do as the Court ordered. As a result, the Magistrate Judge entered a Memorandum Decision and Order Granting Motion to Compel, Imposing Sanctions and Report and Recommendation ("Memorandum Decision and Order") on September 8, 2008.[6] In the Memorandum Decision and Order, the Magistrate Judge granted the Motion to Compel and imposed sanctions in the amount of $3,768.75. The Magistrate Judge also recommended that this Court strike the answers of Defendants for their failure to respond to discovery and to orders of the Court. The Memorandum Decision and Order informed the parties of their ability to object to the Order within ten days. That ten-day period has passed and neither party has filed an objection to the Memorandum Decision and Order. Plaintiffs represent that Defendants have continued to ignore the Court's order compelling production and have not paid the sanctions award.

On October 10, 2008, Plaintiffs filed a Motion for Temporary Restraining Order. The Court, on October 14, 2008, ordered Defendants to file a brief concerning Plaintiffs' Motion and the appropriate sanction for Defendants' failure to comply with discovery requests and court orders. Defendants failed to file a brief as ordered.

---

[5] *Id*.

[6] Docket No. 20.

II.  DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions where a party fails to comply with a discovery order.  Courts are required to consider a number of factors when choosing the proper sanction, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[7]

Considering these factors, the Court finds that the severe sanctions of rendering a default judgment against Defendants is appropriate.  First, there is actual prejudice to Plaintiffs.  As recognized by the Magistrate Judge, the discovery requested by Plaintiffs goes to the heart of determining liability and damages in this case.[8]  Plaintiffs are severely prejudiced by Defendants' failure to comply with the Court's orders because they cannot proceed in this litigation without the requested information.

Second, Defendants have interfered with the judicial process.  Not only have Defendants continued to ignore their discovery obligations under the Federal Rules of Civil Procedure, they have continually and repeatedly disobeyed court orders.  Because of this, Defendants have interfered with the ability of the Court to bring this matter to a resolution.

Third, Defendants are clearly culpable.  Defendants have presented no evidence to suggest that they are somehow unable to comply with Plaintiffs' discovery requests or the orders

---

[7]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[8]Docket No. 20, at 1 ("These discovery requests were very important to the case and responses critical to development of evidence.").

of the Court. Based on this dearth of evidence, the only conclusion the Court can reach is that Defendants are willfully disobeying these requests and orders.

Fourth, the Court has warned Defendants in advance of possible sanctions. The Magistrate Judge set out all of the possible sanctions in his Second Docket Text Order.[9] Further, in his Memorandum Decision and Order, the Magistrate Judge specifically recommended that Defendants' answers be stricken.[10]

Finally, lesser sanctions would not be effective here. The Magistrate Judge has ordered compliance, which Defendants have ignored. The Magistrate Judge has also imposed monetary sanctions. Defendants have again ignored those sanctions and have failed to pay them. Therefore, lesser sanctions have proven to be ineffective.

Based on the above, the Court finds that the proper course of action is to render a default judgment against Defendants in this matter. Defendants have repeatedly ignored discovery requests and have failed to comply with Court orders. Defendants' actions have had a detrimental effect on Plaintiff's ability to prosecute this matter and the Court's ability to proceed with this case. Defendants are clearly culpable. Defendants have been put on notice that terminating sanctions may be used and lesser sanctions have proven ineffective. For these reasons, default judgment will be entered against Defendants.

### III.  CONCLUSION

Based on the above, it is hereby

ORDERED that default judgment be entered against Defendants.

---

[9] Docket No. 17

[10] Docket No. 20, at 4.

DATED   October 22, 2008.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge