IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC and KLEIN-BECKER IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLAGEN CORPORATION, DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC. and LESLIE FEINSTEIN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR EX PARTE PREJUDGMENT WRIT OF ATTACHMENT AND ORDER PRECLUDING DEFENDANTS FROM DISPOSING OF, CONCEALING OR TRANSFERRING ASSETS<br><br>Case No. 2:07-CV-873 TS |

This matter is before the Court on Plaintiffs' Motion for Ex Parte Prejudgment Writ of Attachment and Order Precluding Defendants from Disposing of, Concealing or Transferring assets. Plaintiffs were granted default judgment on October 22, 2008, leaving only the issue of damages to be determined by the Court. According to Plaintiffs, settlement negotiations between the parties on the issue of damages have broken down. At a June 4, 2009 status conference, Defendants failed to appear, even after being given the opportunity to appear telephonically. Plaintiffs were instructed

1

to file a motion for final judgment and brief the Court on the issue of damages within ten days, after which Defendants would have the opportunity to respond. Plaintiffs have done so, filing concurrently with their present Motion a Motion for Entry of Final Judgment.

Plaintiffs request that the Court attach certain assets, allegedly held by Defendant Leslie Feinstein outside of the State of Utah, and direct Defendants to not dispose of any assets pending resolution of the issue of damages. Plaintiffs allege that there is a strong probability that, if the writ of attachment is not granted, Defendants will dispose of or hide all assets that could be used to satisfy a judgment in this case. However, Plaintiffs have failed to show the necessary elements for an ex-parte prejudgment writ of attachment, and have failed to identify the legal authority for an order prohibiting Defendants from disposing of or transferring their property. Therefore, the Court will deny the Motion.

## I. BACKGROUND

Plaintiffs filed this lawsuit, claiming infringement of their trademarks and trade dress. Over the course of discovery, Defendants repeatedly refused to comply with discovery requests and Orders from the Court compelling disclosure. As a result, the Court imposed terminating sanctions on Defendants and granted default judgment in favor of Plaintiffs. The parties then entered settlement negotiations, but those negotiations ultimately proved unsuccessful, in large part because Defendants argued that they did not have the ability to pay any amount to Plaintiffs. Plaintiffs provide evidence that Defendants have not been fully forthcoming in their disclosures regarding financial assets available to satisfy a judgment, and that there may be assets which could satisfy a judgment. Plaintiffs argue that, as Defendants have hitherto been dishonest in their representations regarding their financial assets, that they are likely to take further actions which will impede Plaintiffs' ability to collect on a judgment of damage in this case.

II.  DISCUSSION

A.  GENERAL REQUIREMENTS FOR PREJUDGMENT WRIT

Fed. R. Civ. P. 64(a) states that the Court may grant a prejudgment writ of attachment only if such is allowed by Utah state law.  Utah R. Civ. P. 64A requires that Plaintiffs establish grounds for the writ and that they show the following: (1) that the property to be attached is not earnings and not exempt from execution; (2) that the writ is not sought to hinder, delay or defraud a creditor of the Defendants; and (3) a substantial likelihood that Plaintiffs will prevail on the merits of the underlying claim.[1]  Plaintiffs must also show at least one of the following: (1) that Defendants are avoiding service of process; (2) that Defendants have assigned, disposed of or concealed, or is about to assign, dispose of or conceal, the property with intent to defraud creditors; (3) that Defendants have left or are about to leave the state with intent to defraud creditors; (4) that Defendants have fraudulently incurred the obligation that is the subject of the action; (5) that the property will materially decline in value; (6) that Defendants have an ownership or special interest in the property; or (7) probable cause of losing the remedy unless the Court issues the writ.[2]

Plaintiffs have provided sufficient evidence to show that the property is not earnings and that the writ is not sought to hinder, delay or defraud a creditor of Defendants.  Moreover, default judgment has already been entered in favor of Plaintiffs, so there is more than a substantial likelihood of success on the underlying claim.  In addition, Plaintiffs have provided sufficient evidence to establish that Defendants are concealing the existence of the property, apparently with

---

[1] Utah R. Civ. P. 64A(c).

[2] *Id.*

the intent to deny Plaintiffs the ability to collect on a judgment from the Court. The Court, therefore, finds that Plaintiffs have met the general requirements for a prejudgment writ of attachment.

B.     REQUIREMENTS FOR AN EX PARTE WRIT

Utah R. Civ. P. 64A(i) sets forth additional requirements for an ex parte prejudgment writ, including that Plaintiffs establish facts that show "irreparable injury to the [Plaintiffs] before [Defendants] can be heard or other reason notice should not be given."

Plaintiffs argue that, if notice is given, Defendants will conceal the assets from Plaintiffs and the Court. The evidence before the Court establishes that Defendants have been concealing the existence of the assets in question, but now that their existence is known, Defendants would likely be unsuccessful in any attempt to further conceal the property. Much of the property allegedly concealed by Defendants is real property, and any transfer of that property would yield a paper trail which could easily be followed. Likewise, the post-judgment process of collecting on the judgment allows for discovery which, given the nature of the property, would likely reveal any attempts to transfer the assets.

The Court finds that Plaintiffs have failed to show that they will suffer irreparable injury or establish any other reason why notice should not be given. Therefore, the Court finds that the requirements for an ex parte writ have not been met.

C.     WRITS OF ATTACHMENT

Utah R. Civ. P. 64C sets forth additional, specific, requirements for a writ of attachment. In order for a writ to issue, (1) the property to be attached must be in the possession or under the control of the defendant, (2) the defendant must be indebted to the plaintiff, (3) the action must be upon a contract or against an out-of-state defendant who is not a resident or corporation qualified to do

business in the state, (4) the writ must be authorized by statute, and (5) payment of the claim must not have been secured by a lien on the property in the state.

While the assets are under the control of Ms. Feinstein, she is not presently indebted to Plaintiffs. Any indebtedness to Plaintiffs will come only after the issuance of a final judgment affixing damages. Until such time as a final judgment is issued, a writ of attachment is inappropriate under the facts of this case. The Court will, therefore, deny Plaintiffs' Motion for an ex parte prejudgment writ of attachment.

Plaintiffs also request that the Court issue and order prohibiting Defendants from disposing of, concealing, or transferring assets. Because Plaintiffs have failed to identify the legal principle which would justify such an order, Plaintiffs' request will also be denied.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Ex Parte Prejudgment Writ of Attachment, and Order Precluding Defendants from Disposing of, Concealing or Transferring Assets (Docket No. 45) is DENIED WITHOUT PREJUDICE.

DATED   June 29, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge