IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC and KLEIN-BECKER IP HOLDINGS,<br><br>    Plaintiffs,<br><br>vs.<br><br>COLLAGEN CORPORATION, DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC., and LESLIE FEINSTEIN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL JUDGMENT<br><br><br><br>Case No. 2:07-CV-873 TS |

    This matter is before the Court on Plaintiffs' Motion for Entry of Final Judgment. Plaintiffs claims arise out of the infringement, by Defendants, of Plaintiffs' trademarks and trade dress. Over the course of discovery, Defendants repeatedly refused to comply with discovery requests and Orders from the Court compelling disclosure. As a result, the Court imposed terminating sanctions on Defendants and granted default judgment in favor of Plaintiffs on October 22, 2008, leaving only the issues of damages and the scope of a permanent injunction. It has been represented to the Court that settlement negotiations were attempted but failed. At a June 4, 2009 status conference, Defendants again failed to appear, even after the Court agreed to let Defendant Feinstein appear telephonically. At that status conference, the Court requested that Plaintiffs file their Motion for

1

Final Judgment in writing, along with a memorandum outlining damages. Plaintiffs filed their motion on June 18, 2009, and Defendants have not filed a response. The Court will grant the motion for final judgment as set out below.

Plaintiffs request a permanent injunction enjoining Defendants from further infringement of Plaintiffs' trademarks and trade dress, along with damages, attorney fees, costs and punitive damages in the amount of $792,105.31. The Court finds that Plaintiffs have prevailed on the merits of their claims under: (1) the Lanham Act,[1] which allows recovery by Plaintiffs of the Defendants' profits from the sale of the product with the infringing trade dress, along with costs and, in exceptional circumstances, attorney fees;[2] (2) the Utah Truth in Advertising Act,[3] which allows the Court to award damages and enjoin Defendants from continuing to infringe;[4] (3) and the Utah Unfair Competition Act, which allows the Court to order actual damages, costs and attorney fees, and, if the Court determines it to be appropriate, punitive damages.[5]

Plaintiffs provide evidence that the infringing product was sold for approximately $150 per unit on Defendants' website and that approximately 2,500 units were produced. While Ms. Feinstein argued that only 700 units were actually sold, Plaintiffs have indicated that Ms. Feinstein refused to turn the remaining units of the infringing product over to Plaintiffs, in order to assure the destruction of the infringing products. Defendants have not provided any evidence regarding their

---

[1] 15 U.S.C. §§ 1114, 1125, *et seq.*

[2] *Id.*, § 1117(a).

[3] Utah Code Ann. § 13-11a-1, *et seq.*

[4] *Id.*, § 13-11-4(2)(a) & (b).

[5] *Id.*, § 13-5a-101, *et seq.*

cost of production, so the Court will assume that the entire purchase price for the infringing products was profit. Plaintiffs have requested an award of $375,000.00, or the profits from the 2,500 units produced. Plaintiffs have also provided evidence that their costs of bringing this action are $1,399.84, and that their attorney fees total $36,936.72, which the Court finds to be reasonable. Plaintiffs request that the final judgment include $3,768.75 in discovery sanctions, which Defendants have not yet paid, and $375,000.00 in punitive damages. Pursuant to the Utah Truth in Advertising Act and Utah Unfair Competition Act, the Court will award attorney fees and costs of $38,336.56, and will reaffirm its order that Defendants to pay Plaintiffs $3,768.75 in discovery sanctions.

With regard to damages, the Court notes that Plaintiffs have provided an admission by Defendants that they sold 700 units of the infringing product at $150 per unit, for a total revenue of $105,000.00. While there is speculation regarding the fate of the remaining 1,800 units of infringing product which were produced, no direct evidence exists that they were sold. Thus, there is no direct evidence that Defendants had any profits from the sale of those infringing products, nor is there direct evidence that Plaintiffs were directly injured by infringing products which were never sold. Therefore, pursuant to the Lanham Act and the Utah Unfair Competition Act, the Court will award actual damages of $105,000.00.

Plaintiffs argue that the circumstances of this case warrant the imposition of punitive damages, and the Court agrees. Defendants have repeatedly ignored and disregarded the orders of the Court. Defendants have also obstructed the judicial process and have hidden, rather than turn over, 1,800 units of infringing product, so that neither Plaintiffs nor the Court may be certain that those infringing products will not find their way into the stream of commerce again. Therefore, pursuant to the Lanham Act and the Utah Unfair Competition Act, the Court will award punitive

damages in the amount of $270,000.00, or the value of the 1,800 units of infringing product which Defendants have refused to disclose or turn over.

Plaintiffs are also entitled to injunctive relief under the Utah Truth in Advertising Act, and the Court will enter a permanent injunction against Defendants.

It is therefore

ORDERED that Plaintiffs' Motion for Entry of Final Judgment (Docket No. 47) is GRANTED. Defendants are ordered to pay Plaintiffs the sum of $105,000.00 in actual damages, $270,000.00 in punitive damages, $36,936.72 in attorney fees, $1,399.84 in costs, and $3,768.75 in discovery sanctions. It is further

ORDERED that the following permanent injunction is entered:

1. Defendants and any and all individuals and entities under their direction or control including, without limitation, their partners, employees, officers, directors, attorneys, agents, manufacturers, distributors, retailers, and any and all persons in active concert or participation with Defendants who receive notice of this Permanent Injunction (collectively, the "Defendants"), are permanently and forever enjoined from:

    a.  selling any product, including but not limited to Collagen Life, that includes or displays any trade dress of any of Plaintiffs' products, including but not limited to StriVectin-SD®, or that includes or displays any trade dress element of any trade dress that is confusingly similar to the trade dress of any of Plaintiffs' products, including but not limited to StriVectin-SD®;

    b.  using the trademark StriVectin-SD and/or StriVectin and/or any copy or colorable imitation of the mark StriVectin-SD and/or StriVectin, alone or in combination with other words, letters and/or symbols;

  c. referring to any of Plaintiffs' products in any of Defendants' advertising;

  d. displaying any of Plaintiffs' products or any advertising for Plaintiffs' products in any of Defendants' advertising, or in connection with marketting, advertising, distribution and/or sale of any of Defendants' products;

  e. using any trademark, trade dress, or copyright of Plaintiffs and/or any copy or colorable imitation of any trademark, trade dress, or copyright of Plaintiffs, alone or in combination with other words, letters and/or symbols;

  f. otherwise infringing the trade dress of any of Plaintiffs' products, including without limitation StriVectin-SD and/or StriVectin, or otherwise infringing the federally registered marks StriVectin-SD and/or StriVectin or engaging in acts of unfair competition; and

  g. engaging in any false or misleading advertising that directly or implicitly involves any of Plaintiffs' products.

DATED   July 20, 2009.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge