IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KLEIN-BECKER USA, LLC, KLEIN-BECKER IP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLAGEN CORPORATION; DOCTORS SKIN CARE INSTITUTE MEDICAL CLINIC, INC; LESLIE FEINSTEIN aka L. LOUISE BRODY aka LOUISE BRODY FEINSTEIN aka LOUISE LESLIE FEINSTEIN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR 28 U.S.C. § 2107(c) RELIEF OR IN THE ALTERNATIVE TO SET ASIDE THE JUDGMENT UNDER RULE 60(b)(1)<br><br><br>Case No. 2:07-CV-873 TS |

This matter is before the Court on Defendants' Motion for 28 U.S.C. § 2107(c) relief or in the Alternative to Set Aside the Judgment under Rule 60(b)(1). For the reasons discussed below the Court will deny the Motion.

## I. Background

Plaintiffs brought this cause of action in November 2007, alleging Defendants infringed

its trademarks and trade dress. After repeated failure on the part of Defendants to comply with discovery requests and Orders from the Court compelling disclosure, the Court imposed terminating sanctions against Defendants and granted default judgment in Plaintiffs' favor on October 22, 2008. In determining the issue of damages and scope of a permanent injunction the Court granted Defendants leave to appear telephonically at a June 4, 2009 status conference. Yet Defendants failed to appear. Based on discussions at that status conference, Plaintiffs filed a Motion for Final Judgment and an outline of damages on June 18, 2009. The Court granted that motion and entered final judgment against Defendants on July 20, 2009. On October 2, 2009, the judgment was amended to include all of Defendant Feinstein's aliases in order for Plaintiffs to effectuate their recovery. Plaintiffs filed a Second Motion to Amend/Correct the Judgment on October 7, 2009, to include the legal fees Plaintiffs incurred in trying to collect their judgment. This motion was effectively granted through the Clerk's entry of an amended judgment on October 15, 2009.

## II. Discussion

Defendants asks the Court for relief under 28 U.S.C. § 2107(c) or for the judgment to be set aside. 28 U.S.C. § 2107(c) states

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds–
> (1) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
> (2) that no party would be prejudiced,
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is

earlier, reopen the time for appeal for a period of 14 days from the date of entry of
the order reopening the time for appeal.

Defendants first make an argument about the statutory construction of the statute and the necessary meaning of the thirty (30) and 180-day provisions. Defendants argue that the thirty-day filing requirement is inapplicable because there was no notice of the entry of judgment, Plaintiffs would not be prejudiced and because this Motion was originally filed on January 19, 2010, and third, not more than 180 days had elapsed since the entry of the initial judgment was entered on July 20, 2009.

The Court is not persuaded by Defendants' averments. First, the Court finds that 183 days have passed between the filing of the original judgment July 20, 2009 and the filing of this Motion on January 19, 2010. Second, Defendants have not shown excusable neglect or good cause. Throughout this litigation, Defendants have been unwilling participants. In fact, their unwillingness to participate was so grave that it led to a final, default judgment against them. Throughout the proceedings, the Court gave Defendants numerous chances to follow its orders and engage in this process. Defendants refused every step of the way. Defendants try to blame their failures on their attorneys and accuse them of failing to advise them of and protect their rights. Defendant Feinstein swears by affidavit that in at least one instance she provided discovery answers by phone to her attorney who "failed" to file the pleadings. She also alleges that her failure to appeal was due to her mis-belief that the case was settled.

Case law surrounding 28 U.S.C. § 2107 does not generally state or discuss situations constituting excusable neglect. However, case law interpreting Rule 60(b) has done so. In

*Pioneer Investment Services Co. v. Brunswick Associates Ltd.*,[1] cited by Defendants, the moving party acted in good faith and there was no danger of prejudice to the non-movant. As already discussed numerous times, Defendants have not acted in good faith from the inception of this action. Instead, they have continually failed to stay informed, participate, respond to Court orders, and appear at critical proceedings. Additionally, as discussed further below, the Court finds Plaintiffs would suffer prejudice if the time to appeal was reopened.

Moreover, the movants in the two other cases cited by Defendants, *Rogers v. Watt*[2] and *Wallace v. Mcmanus*,[3] had no notice at all, actual or otherwise, of the judgments against them. Defendants have had notice, even if they have chosen to ignore it. Additionally, both cases recognized that the clerk's failure to serve notice pursuant to Rule 77(d) alone is not enough to constitute excusable neglect.[4] Defendants also argue they have had difficulty retaining counsel. This proposition contravenes their actions as they have retained at least six different counsel between this action and the related action pending in Ohio.

Defendants can not use their attorneys as a basis for excusable neglect.[5] Even if they were able to use their attorney's malpractice or neglect as a basis for excusable neglect, Defendants point to only one instance where their attorney allegedly failed to file a pleading after

---

[1] 507 U.S. 380 (1993).

[2] 722 F.2d 456 (9th Cir. 1983).

[3] 776 F.2d 915 (10th Cir. 1985).

[4] *See Rogers*, 722 F.2d at 457; *Wallace*, 776 F.2d at 917.

[5] *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)").

4

Defendant Feinstein gave him a response over the phone. However, as pointed out by Plaintiffs, the Court did not enter default and a final judgment against Defendants based on one failure to respond. As already stated numerous times, Defendants failed over and over to participate, respond and show-up throughout this litigation. Defendants also blame their attorney for giving them the wrong information about their time to appeal. Yet this admission or argument itself points to the fact that they were aware of, and had notice of, the judgments.

In addition to the evidence of Defendants' notice already discussed, Plaintiffs argue that Defendants were both aware of the judgment and that their attorneys were in communication with Plaintiffs trying to negotiate a settlement. Plaintiffs point out that Defendants do not assert that they never received notice that judgment had been entered, but that they "never received Notice of Entry of Judgment from the Clerk of the Court or from any party."[6] Regardless, the Court finds that Defendants received notice that judgment had been entered against them.[7] Plaintiffs also argue that since the entry of judgment either Defendants or their attorneys have engaged in numerous conversations with Plaintiffs' counsel regarding the judgment.[8] The Court will not allow the disengaged Defendants to now use their shananigans to their benefit. Plaintiffs also argue that Defendants hired other counsel in Ohio to represent them in the enforcement action filed by Plaintiffs to enforce the judgment "she knew nothing about."

The Court also finds that Plaintiffs will be prejudiced if the time for appeal is reopened

---

[6]Affidavit of Leslie Feinstein, Docket No. 58.

[7]*See* Memorandum in Opposition, Docket No. 61 at 19.

[8]*Id*. at 21.

5

because of the considerable amounts of time and money they have already spent in trying to collect on the judgment.

Based on Defendants' repeated pattern of refusing to participate and follow Court orders and the prejudice granting this motion would inflict on Plaintiffs, the Court declines to use its authority to reopen the time for appeal.

In the alternative, Defendants argue the judgment should be set aside according to Rule 60(b). That Rule states in part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertance, surprise, or excusable neglect."[9] As already stated, the Court finds no excusable neglect present. Because none of the other circumstances under which the Court could grant such relief are present either, the Court finds relief under Rule 60(b) is inappropriate.

### III. Conclusion

For the reasons stated above, Defendants' Motion for 28 U.S.C. § 2107(c) Relief or in the Alternative to Set Aside the Judgment under Rule 60(b) (Docket No. 57) is DENIED.

DATED   May 5, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9]FED. R. CIV. P. 60(b).